**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAMERON MILLER,**

**Plaintiff,**

**Case No:**

**v.**

**PUBLIX SUPER MARKETS, INC.,**

**Defendant.**
**_________________________________/**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cameron Miller ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, Publix Super Markets, Inc. ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief, for violations of 42 U.S.C. § 1981, as amended ("Section 1981"); Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*; and the Florida Civil Rights Act of 1992, as amended ("FCRA"), § 760.01, Florida Statutes, *et. seq.*

2. This Court has jurisdiction under 28 U.S.C. § 1331; 28 U.S.C. § 1367; 42 U.S.C. § 1981; and 42 U.S.C. § 2000e.

3. Venue is proper in the Middle District of Florida because all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## PARTIES

4. Plaintiff is a resident of, and worked for Defendant in, Hillsborough County, Florida.

5. Defendant is authorized to do business in Florida and operates a grocery store chain in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was a qualifying "person" and/or "employee" of Defendant under Section 1981, Title VII, and the FCRA. 42 U.S.C. § 1981; 42 U.S.C. § 2000e(f); § 760.02, Fla. Stat.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA. 42 U.S.C. § 2000e(b); § 760.02(7), Fla. Stat.

11. At all times material hereto, Defendant was an "employer" within the meaning of Section 1981. 42 U.S.C. § 1981.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981, Title VII, and the FCRA.

**FACTS**

13. In or around May 2023, Plaintiff was rehired by Defendant as a part-time Deli Clerk at Defendant's Store No. 0524 located at 3939 Van Dyke Road, Lutz, Florida 33558.

14. Plaintiff identifies with multiple races and national origins, including Black, Hispanic, and White.

15. At all times during his employment, Plaintiff was qualified to perform the essential functions of his position and satisfactorily performed his job duties.

16. In or around May 2023, Plaintiff expressed interest in being made full-time. Then-Deli Manager William Szymanski ("Mgr. Szymanski") was working toward making Plaintiff full-time and stated that the process had started.

17. In or around November or December 2023, Deli Manager Jon Wilton ("Mgr. Wilton") (White) became Plaintiff's deli manager and direct supervisor.

18. Plaintiff continued to seek promotion to full-time.

19. Shortly after assuming the role, Mgr. Wilton began making racially offensive comments about Plaintiff. These anti-Black stereotypes included insinuations of criminality, assumptions about "Black" cultural preferences, and comments about supposed physical traits.

20. On one occasion, Mgr. Wilton stated to Plaintiff that a co-worker only asked him if he had seen her lost pen because Plaintiff is Black. This comment explicitly ties suspicion to Plaintiff's race and invokes the racist stereotype that when something goes missing, a Black person is more likely to be responsible or to

be questioned. By connecting the inquiry to Plaintiff's race, Mgr. Wilton endorsed a connection of criminality and dishonesty toward Black people.

21. On another occasion, Mgr. Wilton stated to Plaintiff, "You look more like a BET watcher than a Game of Thrones" viewer. This remark assumes that, because Plaintiff is Black, his interests are limited to programming stereotyped as "for Black audiences" and that he does not belong in mainstream media conversations. It relies on the stereotype that Black people have monolithic, race-based tastes and serves to "other" Plaintiff in workplace social interactions.

22. On another occasion, when a co-worker needed help retrieving an item from a high shelf, Mgr. Wilton told the co-worker to ask Plaintiff because "[Plaintiff] looks like [he] can jump high." This invokes the stereotype that Black people possess "unusual" or "natural" athleticism. Such comments reduce Plaintiff to a caricature based on perceived physical attributes, imply he is valued for manual or physical tasks rather than his professional skills, and perpetuate a stereotype frequently used to dehumanize Black employees.

23. On another occasion, when Plaintiff was drinking Gatorade, Mgr. Wilton remarked, "What, no Kool-Aid today?" This is a racially coded comment that relies on a longstanding stereotype associating Black people with Kool-Aid.

24. In or around July 2024, Mgr. Wilton told Plaintiff, "I would've never hired you because there's no return on investment on [Plaintiff's] kind of people."

25. Mgr. Wilton also falsely assumed and accused Plaintiff of being in a gang.

26. In or around May 2024, Mgr. Wilton told Plaintiff that Defendant was looking for a Black person "to meet a quota" for the district.

27. In or around May or June 2024, Mgr. Wilton asked Plaintiff what race he had listed on his application; Plaintiff stated "White/Hispanic" because he is multiracial; Mgr. Wilton told Plaintiff he needed to change it to "African American/Black."

28. Plaintiff went to speak with Store Manager Brian Downing ("Mgr. Downing"), who also told Plaintiff that he needed to change his race designation.

29. Plaintiff continued to inquire about being made full-time. Mgr. Wilton asked what pay rate Plaintiff wanted if made full-time, Plaintiff stated "$19 per hour," and Mgr. Wilton agreed.

30. In or around August 2024, Plaintiff was told he would be made full-time effective in or around September 2024; when the change took effect, Plaintiff's hourly rate was set at $18.45 rather than $19.

31. When Plaintiff questioned the pay discrepancy, Mgr. Downing stated to Plaintiff, "It's already been a process, just take it and move on."

32. Throughout 2024, while Plaintiff sought full-time status, Defendant hired White deli employees into full-time positions, promoted White deli employees to full-time, and/or scheduled White deli employees for full-time hours.

33. Plaintiff objected to and opposed the discriminatory comments and conduct on numerous occasions.

34. In or around November 2024, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("the EEOC") alleging race and national origin discrimination.

35. On or around November 21, 2024, shortly after Plaintiff filed his EEOC charge, Mgr. Downing called Plaintiff into the office and informed him that a co-worker had made allegations against him; Defendant suspended Plaintiff pending investigation.

36. Plaintiff denied the allegations and believed they were false and made in retaliation for his prior complaints of race and national origin discrimination and his EEOC Charge.

37. On or around December 21, 2024, Defendant terminated Plaintiff's employment for a pretextual reason.

**COUNT I – SECTION 1981 VIOLATION**
**(RACE/COLOR DISCRIMINATION)**

38. Plaintiff realleges and readopts the allegations of Paragraphs 1-9 and 11-37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under Section 1981.

40. Plaintiff was subjected to intentional discrimination by Defendant, based solely on Plaintiff's race/color.

41. The foregoing actions constitute unlawful discrimination in violation of Section 1981.

42. Defendant's actions were willful and done with malice or with reckless indifference.

43. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

44. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorneys' fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**COUNT II – SECTION 1981 VIOLATION (RETALIATION)**

45. Plaintiff realleges and readopts the allegations of Paragraphs 1-9 and 11-37 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Section 1981.

47. By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

48. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating his employment.

49. Defendant's actions were willful and done with malice or with reckless indifference.

50. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

51. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

52. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorneys' fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**COUNT III – TITLE VII VIOLATION**
**(RACE/COLOR DISCRIMINATION)**

53. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-37 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under Title VII.

55. Plaintiff was subjected to disparate treatment on the basis of his race/color, including terminating Plaintiff's employment.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorneys' fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

**COUNT IV – TITLE VII VIOLATION**
**(NATIONAL ORIGIN DISCRIMINATION)**

59. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-37 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under Title VII.

61. Plaintiff was subjected to disparate treatment on the basis of his national origin, including terminating Plaintiff's employment.

62. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

63. Defendant's actions were willful and done with malice.

64. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorneys' fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

**COUNT V – TITLE VII VIOLATION (RETALIATION)**

65. Plaintiff realleges and readopts the allegations of 1-10 and 12-37 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class under Title VII.

67. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

68. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

69. Defendant's actions were willful and done with malice.

70. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

71. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorneys' fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

**COUNT VI – FCRA VIOLATION**
**(RACE/COLOR DISCRIMINATION)**

72. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-37 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class under the FCRA.

74. Plaintiff was subjected to disparate treatment on the basis of his race/color, including terminating Plaintiff's employment.

75. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

76. Defendant's actions were willful and done with malice.

77. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the FCRA by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorneys' fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

**COUNT VII – FCRA VIOLATION**
**(NATIONAL ORIGIN DISCRIMINATION)**

78. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-37 of this Complaint, as though fully set forth herein.

79. Plaintiff is a member of a protected class under the FCRA.

80. Plaintiff was subjected to disparate treatment on the basis of his national origin, including terminating Plaintiff's employment.

81. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

82. Defendant's actions were willful and done with malice.

83. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the FCRA by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorneys' fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

**COUNT VIII – FCRA VIOLATION (RETALIATION)**

84. Plaintiff realleges and readopts the allegations of Paragraphs 1-10 and 12-37 of this Complaint, as though fully set forth herein.

85. Plaintiff is a member of a protected class under the FCRA.

86. Plaintiff exercised or attempted to exercise his rights under the FCRA, thereby engaging in protected activity under the FCRA.

87. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

88. Defendant's actions were willful and done with malice.

89. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

90. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

d) That this Court enter an injunction restraining continued violation of the FCRA by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorneys' fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 19th day of August, 2025.

Respectfully submitted,

*s/ Amanda Heystek*
**AMANDA HEYSTEK**
Florida Bar No: 0285020
Direct: (813) 379-2560
**NIKOLE MILLER**
Florida Bar No: 1031826
Direct: (813) 438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main: (813) 224-0431
Facsimile: (813) 229-8712
Email: aheystek@wfclaw.com
Email: nmiller@wfclaw.com
Email: rcooke@wfclaw.com
***Attorneys for Plaintiff***